## JUNE TERM, 1860.

---

### C. H. MORTON AGT. JOHN SHARKEY.

*Limitation: Constitutional Law.*

1. The Statute of Limitations of 1855 (Statutes of 1855, p. 96, sec. 4) means that the limitation of three years to actions on contracts, obligations or liabilities, expressed or implied, shall begin to run from the taking effect of the act, and the legislature intended to give three years from that time to bring suit on such causes of action.

2. It is presumed that the statute above referred to took effect about the first of September, 1855.

3. It was the intention of the act of 1858 (Laws of 1858, p. 67, sec. 18), which took effect April 1st, 1858, limiting the right of action in such cases to six years, to extend the limitation on such causes of action to six years from the taking effect of the act of 1855, which it was competent for them to do in all cases where the then limitation had not expired.

4. A limitation may be extended where it has not already expired; but a contract which is already barred by existing laws can not be revived.

5. The territorial legislature has no power to pass a law impairing the obligation of a contract, or, at once, without notice, destroy all remedy thereon. The legislature can not give less than a reasonable time to bring suits on causes of action, which are not barred by the existing law when the new one is enacted. Therefore, a cause of action which had, until September, 1861, to run, under the Laws of 1855 and 1858, above mentioned, but which, by the terms of the act of 1859 (Laws of 1859, p. 184, sec. 21), was instantly barred, might be sued upon within a reasonable time after the passage of the act of 1859.

[NOTE.—See Elliot agt. Lochnane, 1 Kansas, 126; Root agt. Bradley, id., 437; Laurent agt. Bernier, id., 428; Munn agt. Taulman, id., 254;

8

C. H. Morton agt. John Sharkey.

Auld agt. Butcher, 2 Kansas, 135; Chick agt. Willetts, id., 384; Bonifant agt. Doniphan, 3 Kansas, 26; Toby agt. Allen, id., 399; Swickard agt. Bailey, id., 507; Smith agt. Kline, id., 506; Searle agt. Adams, id., 515; Jones agt. Eisler, id., 134; Barnes agt. Garvey, 4 Kansas, 555; Hart agt. Horn, id., 232; N. M. R. R. Co. agt. Akers, id., 453; Mifflin agt. Stalker, id., 283.]

ERROR from the District Court of the Second Judicial District in and for Lykins County.

*By the Court*—PETTIT, C. J.

On the first day of March, 1859, the plaintiff filed his petition in the Lykins district court, from which court this cause comes, by petition in error against the defendant, to recover the amount of a promissory note made in Illinois, on the 22d day of August, 1850, and payable on the 1st day of June, 1852. On the same day the plaintiff commenced another action against the defendant in the same court, on another note, given in Illinois, dated August 22d, 1850, and payable on the 5th day of June, 1851. The record shows that to this second action the defendant filed, on the 7th day of May—though it is not sworn to till the 24th day of that month—his answer, setting up that the cause of action accrued out of this territory, and that suit was not brought within *six* years after action accrued; and, on motion and argument, the two cases were by the court consolidated, and leave was given to the defendant to answer anew to the consolidated case, which he did by answering that the causes of action accrued out of this territory, and not within two years. To this answer the plaintiff demurred, because, as he says, it does not state facts sufficient to bar the

action. The demurrer, as we are informed, was not argued, but was formally acted upon with a view of getting the opinion of this court, and was overruled, the answer held good, and judgment for the defendant, which was duly excepted to, in both methods, pointed out by the acts of 1859, p. 128. To reverse this judgment this petition in error is brought in this court.

The first laws enacted by this territory were put in force in 1855, but at what particular time in that year we have no means at our disposal to fix definitely. We have a historical knowledge that the first general assembly was elected on the 30th day of March, 1855, and after passing an act only for the removal of the seat of government to the Shawnee Manual Labor School, they adjourned to meet at the latter place, on the 22d day of July, 1855. That they did so meet and enacted a large body of laws, among which it is provided, on page 470, art. 2, sec. 2: "All acts of the legislative assembly hereafter passed, shall take effect at the end of the session at which they are passed, unless a different time is therein appointed." At the same session, it was enacted (sec. 4, p. 96), that the following actions shall be commenced within three years: " First. An action upon a contract, obligation or liability, expressed or implied." It will be seen· that this law does not say from what time the three years shall begin to run, whether from the accruing of the action, or from the taking effect of the act, but we consider it to mean from the taking effect of the act, and that the legisla-

ture intended to give three years from that time to bring suit on such causes of action. When it did take effect, we can not tell to a certainty, but presume it must have been about the first of September, 1855, as the session may be said to have really commenced on the 22d day of July, and by the organic act was limited to forty days. If we are right in this construction, these notes would not have been barred till about the 1st of September, 1858. On the 1st day of April, before the three years expired, which would have barred these notes, the legislature put another act in force, limiting the right of action on such paper to six years. (See Laws of that year, p. 67, sec. 13.) We think, from the wording and provisions of this act, it was the intention of the legislature to extend the limitation on such causes of action to six years from the taking effect of the first act, or, in other words, to add three years to the first limitation, which it was competent for them to do in all cases where the then limitation had not expired. The rule is, that the limitation may be extended, where it has not already expired. The contract, which is already barred by existing laws, can not be revived by a new one.

On the 10th day of February, 1859 (see Laws of that year, p. 184, sec. 21), the legislature enacted another limitation law, while these notes had over a year and a half to run by the then existing law, in which it is provided that actions on such instruments, made, executed and entered into, or incurred beyond the limits of this territory, shall be commenced within

C. H. Morton agt. John Sharkey.

two years next after the cause or right of action shall have accrued, and not after. If this law is valid, and applies to contracts, the right of action upon which had accrued more than two years, then this demurrer was rightly sustained. In our judgment, it is not necessary, for a proper decision of the case before us, to determine whether this act was intended and does apply to future contracts only, or whether it gives two years from its passage for bringing suits on such contracts. If the latter, then this suit was brought in time under it. But if it was intended to apply to past contracts, the right of action upon which had accrued more than two years, but which were not barred by the then existing laws, then we deny the power of the legislature to make it so apply, without giving a reasonable time in which to commence a suit. In this we are fully sustained by the authorities cited by the counsel. The territorial legislature has no power to pass a law impairing the obligation of a contract, or, at once, without notice, to destroy all remedy upon it, which is, in fact, the same thing. These notes were due in 1857 and 1858, respectively. In September, 1855, by the first limitation law of the territory, the plaintiff had three years to bring suit upon them. Before these three years expired, the time was extended to six years from September, 1855, which would extend to September, 1861.

It is insisted that the law of February, 10th, 1859, above cited, makes these notes non-collectible, and barred from September, 1857, a period of one year and five months before its date. What would our civil or

contract rights be worth if such legislation could be held valid? It is enough to ask the question; the answer, we are sure, will promptly suggest itself to all. Action in this case was brought in eighteen days after the act of February 10th, 1859, was passed, which is certainly within a reasonable time, and the legislature can not give less than such reasonable time to bring suits on causes of action which are not barred by the existing law, when a new one is enacted.

ORDER.—The judgment of said district court is reversed, and mandate ordered to said court, with instructions to sustain the demurrer to the answer, and for such further legal proceeding as shall be proper. Final judgment here for costs and execution awarded therefor.